IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEREMIAH COOK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-2358 |
| | § | |
| JAYMOR MANAGEMENT GROUP, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Jaymor Management Group, LLC ("Jaymor") removed this action from the 55th Judicial District Court for Harris County, Texas. Jurisdiction is based on diversity under 28 U.S.C. § 1332. Pending before the court is Defendant Jaymor's Motion for Summary Judgment ("Jaymor's Motion for Summary Judgment") (Docket Entry No. 15). For the reasons explained below, the court will grant the motion.

### I. Background

This premises liability action arises out of an alleged accident at an apartment complex owned and operated by Jaymor.[1] Plaintiff Jeremiah Cook alleges that on July 24, 2011, he fell down

---

[1] Plaintiff's Original Petition ("Original Petition"), Ex. C-A to Notice of Removal, Docket Entry No. 1-3, ¶ 6; Jaymor's Motion for Summary Judgment, Docket Entry No. 15, p. 1.


a set of stairs in the complex when one of the stair-steps collapsed under his feet.[2] Cook was a tenant at the complex at the time.[3] Cook alleges that Jaymor's employees were negligent because they "knew or should have known" that the step was in an "unreasonably dangerous condition" at the time of the accident but failed to "effectively warn Plaintiff of the unreasonably dangerous condition" that proximately caused his fall and ensuing injuries.[4] Cook seeks to recover monetary damages from Jaymor under the doctrine of respondeat superior.[5]

Jaymor filed its motion for summary judgment on April 12, 2013, arguing that no evidence exists to show that Jaymor had actual or constructive knowledge of the condition of the step prior to the accident.[6] Jaymor argues that it is entitled to judgment as a matter of law because such knowledge is an essential element of Cook's negligence claim.[7] Cook contends that Jaymor had

---

[2] Original Petition, Ex. C-A to Notice of Removal, Docket Entry No. 1-3, ¶ 6.

[3] Id. ¶ 6; Jaymor's Motion for Summary Judgment, Docket Entry No. 15, p. 1.

[4] Original Petition, Ex. C-A to Notice of Removal, Docket Entry No. 1-3, ¶ 7.

[5] Id. ¶¶ 8-9.

[6] Jaymor's Motion for Summary Judgment, Docket Entry No. 15, pp. 3-4; Jaymor's Reply in Support of Its Motion for Summary Judgment, Docket Entry No. 18, pp. 2-4.

[7] Jaymor's Motion for Summary Judgment, Docket Entry No. 15, p. 4.

constructive knowledge because the Jaymor employees "should have discovered the unreasonably dangerous condition upon a reasonable and careful inspection of the property."[8]

## II. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure mandates summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment "bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." Lincoln Gen. Ins. Co. v. Reyna, 401 F.3d 347, 349 (5th Cir. 2005). When the nonmoving party bears the burden of proof at trial, the moving party may satisfy its burden by "'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2554 (1986). Rule 56 does not require the movant to negate the elements of the nonmovant's case. Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005).

Once the movant has carried this burden, the nonmovant must show that material facts exist over which there is a genuine issue

---

[8]Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment ("Cook's Response"), Docket Entry No. 16, p. 6.

for trial. Reyna, 401 F.3d at 349 (citing Celotex, 106 S. Ct. at 2553-54). Material facts are those "that might affect the outcome of the suit under governing law," and disputes over such facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). The nonmovant may not rest upon mere allegations in the pleadings to make such a showing. Reyna, 401 F.3d at 350. To create a genuine fact issue, more than some "metaphysical doubt as to the material facts" is required. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).

The parties may support the existence or nonexistence of a genuine fact issue by either (1) citing to particular parts of the record, including depositions, documents, electronically stored information, affidavits or declarations, admissions, and interrogatory answers, or (2) showing that the materials cited do not establish the absence or presence of a genuine dispute or that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(A)-(B). In reviewing this evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 120 S. Ct. 2097, 2110 (2000).

## III. Analysis

As plaintiff, Cook bears the burden of proof on his claim. To carry its summary judgment burden Jaymor must therefore show that there is an absence of evidence to support that claim. See Celotex, 106 S. Ct. at 2554.

Under Texas law a landlord owes a tenant a duty of reasonable care in maintaining the portions of the premises that remain under the landlord's control. Shell Oil Co. v. Khan, 138 S.W.3d 288, 297 (Tex. 2004); Exxon Corp. v. Tidwell, 867 S.W.2d 19, 21 (Tex. 1993). When this duty arises a plaintiff bringing a premises liability action must prove that (1) the landlord had actual or constructive knowledge of a condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the landlord did not exercise reasonable care to reduce or eliminate the risk; and (4) the landlord's failure to use such care proximately caused the plaintiff's injury. CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 99 (Tex. 2000). Only the first element is at issue here.

Generally, constructive knowledge is knowledge that a person should have after reasonable inspection. Farrar v. Sabine Mgt. Corp., 362 S.W.3d 694, 700 (Tex. App.—Houston [1st Dist.] 2011, no pet.). In the premises liability context constructive knowledge is limited by the "time-notice rule," which provides that knowledge may be imputed only when the premises owner had a reasonable opportunity to discover the condition. Wal-Mart Stores, Inc. v.

Reece, 81 S.W.3d 812, 816 (internal quotation marks omitted). "Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." Id.

Jaymor argues that there is no evidence to show that the alleged defect existed prior to the time in question.[9] In support of this argument Jaymor has provided evidence that its maintenance man used the stairs in question on a daily basis -- including the day of the alleged accident -- and never discovered any defects.[10] Jaymor further argues that even if a defect did exist, there is no temporal evidence to show that the defect existed long enough to allow Jaymor a reasonable opportunity to discover it.[11] Cook neither disputes this evidence nor provides any other evidence to refute Jaymor's arguments. Instead, Cook argues that Jaymor "should have discovered the unreasonably dangerous condition upon a reasonable and careful inspection of the property."[12] Cook's argument fails to create a fact issue. The summary judgment record does not contain any "temporal" evidence to show that Jaymor had a reasonable opportunity to discover the alleged defect. See Reece,

---

[9] Jaymor's Motion for Summary Judgment, Docket Entry No. 15, p. 4.

[10] Declaration of Jeffery Garrett, Ex. A to Jaymor's Motion for Summary Judgment, Docket Entry No. 15-1, ¶¶ 5, 8.

[11] Jaymor's Motion for Summary Judgment, Docket Entry No. 15, p. 3.

[12] Cook's Response, Docket Entry No. 16, p. 6.

81 S.W.3d at 816. In fact, the summary judgment record lacks any evidence that the defect even existed before the time of the alleged accident. Drawing all reasonable inferences in favor of Cook, the court therefore concludes that there is no genuine dispute as to whether Jaymor had actual or constructive knowledge of the alleged defect.

## IV.  Conclusion and Order

The summary judgment record contains no evidence that Jaymor had actual or constructive knowledge of the alleged defect -- an essential element of Cook's premises liability action. Jaymor has therefore carried its burden to show that there is an absence of evidence to support Cook's claim and is entitled to judgment as a matter of law. Accordingly, Jaymor's Motion for Summary Judgment (Docket Entry No. 15) is **GRANTED**.

**SIGNED** at Houston, Texas, on this 24th day of May, 2013.

```
                          _____
                              SIM LAKE
                          UNITED STATES DISTRICT JUDGE
```